UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACOB QUEERN,                             )<br>                                                       )<br>        Plaintiff,                                )<br>                                                       )<br>    v.                                              )     Civil Action No. 1:23-cv-00909 (UNA)<br>                                                       )<br>UNITED STATES OF AMERICA, et al.,  )<br>                                                       )<br>        Defendants.                            )  | |

## MEMORANDUM OPINION

Plaintiff Jacob Queern initiated this case on March 29, 2023, by filing, *inter alia*, a *pro se* complaint, ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. On April 7, 2023, the Court found that plaintiff's IFP application was insufficient and ordered him to, within 30 days, pay the $402 filing fee in full or submit a renewed and conforming IFP application. Plaintiff has now filed, albeit late, a renewed application to proceed IFP, ECF No. 7. For the reasons stated below, the Court will deny the renewed IFP application and dismiss this matter without prejudice.

Preliminarily, the Court notes that plaintiff's renewed IFP application is brought, not by Queern, but "JEQ&Co LLC," which is not a party to this case. Moreover, even if it were, such an entity cannot proceed under the IFP statute, 28 U.S.C. § 1915(a)(1); the Supreme Court has interpreted that provision as applicable "only to individuals" or "natural persons," not "artificial entities." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–07 (1993); *see Franklin v. Vilsack*, No. 11–0206 (D.D.C. Apr. 15, 2011) (denying IFP status to plaintiff in his capacity as an officer of a corporation which, as an artificial entity, cannot proceed IFP). Therefore, the renewed IFP application must be denied.

Plaintiff's complaint fares no better.  The rambling pleading totals 137-pages and impossible to decipher.  Named as defendants, within the body of the complaint, are the United States, unidentified "tyrants," Lexis Nexis, and "Russian Foreign Bad Actors," but this listing fails to comply with Federal Rule 10(a) or D.C. Local Rule 5.1(g).  Moreover, the named defendants vary throughout all of plaintiff's myriad filings in this matter, making it impossible to know who plaintiff intends to sue.  And notably, the complaint fails to present any facts or legal basis to support a cognizable claim upon which relief may be granted against anyone.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987), and the instant complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires such a pleading to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that respondents receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8.  *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8."  *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

The instant complaint falls squarely into this category. Neither the Court nor the defendants, if they could even be discerned, could reasonably be expected to identify plaintiff's claims, if any, and plaintiff has dually failed to establish to this Court's subject matter jurisdiction over his entitlement to relief, if any.

For these reasons, the complaint and this matter will be dismissed without prejudice. Plaintiff's pending motion for summary judgment, ECF No. 6, will be denied as moot. A separate order will issue.

Date: July 11, 2023

TREVOR N. McFADDEN
United States District Judge